IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREENWALD CATERERS INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-811 |
| | : | |
| v. | : | |
| | : | |
| LANCASTER HOST, LLC d/b/a and a/k/a | : | |
| LANCASTER HOST RESORT, d/b/a and | : | |
| a/k/a WYNDHAM LANCASTER | : | |
| RESORT & CONVENTION CENTER, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 22nd day of April, 2022, after considering the complaint filed by the plaintiff, Greenwald Caterers Inc. ("Greenwald") (Doc. No. 1), the motion to dismiss the complaint and brief in support filed by the defendant, Lancaster Host, LLC d/b/a and a/k/a Lancaster Host Resort d/b/a and a/k/a Wyndham Lancaster Resort & Convention Center ("Lancaster Host") (Doc. Nos. 8, 9), Greenwald's memorandum of law in opposition to the motion to dismiss (Doc. No. 11), and Lancaster Host's reply brief in further support of the motion to dismiss (Doc. No. 12); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. Lancaster Host's motion to dismiss (Doc. No. 8) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion to dismiss, insofar as Lancaster Host seeks to have the court strike the claims for punitive damages in counts I, II, III, and IV of the complaint, is **GRANTED**. Greenwald's requests for punitive damages in counts I, II, III, and IV of the complaint are **STRICKEN WITH PREJUDICE**;

b. The motion to dismiss, insofar as Lancaster Host seeks to have the court strike the claims for damages of $1,000 per violation of the Lancaster Property Maintenance Code in counts I and II of the complaint, is **GRANTED**. The claims for damages of $1,000 per violation of the Lancaster Property Maintenance Code in counts I and II are **STRICKEN WITH PREJUDICE**;

c. The motion to dismiss, insofar as Lancaster Host seeks to have the court strike the claims for specific performance in counts I and II of the complaint, is **GRANTED**. The claims for specific performance are **STRICKEN WITHOUT PREJUDICE**;

d. The motion to dismiss, insofar as Lancaster Host claims that Greenwald has failed to state a claim for breach of implied warranty is **GRANTED only** as to those claims being based on or related to Pennsylvania's Landlord-Tenant Act of 1951 and the Lancaster Property Maintenance Code. Greenwald's breach of implied warranty claims that are based on or related to Pennsylvania's Landlord-Tenant Act of 1951 and the Lancaster Property Maintenance Code are **DISMISSED WITH PREJUDICE**;

e. The motion to dismiss, insofar as Lancaster Host claims that Greenwald has failed to state a claim for (1) breach of express warranty, (2) unjust enrichment, (3) promissory estoppel, and (4) implied or common law indemnification, is **GRANTED**. Greenwald's claims for (1) breach of express warranty, (2) unjust enrichment, (3) promissory estoppel, and (4) implied or common law indemnification are **DISMISSED WITHOUT PREJUDICE**;

f. The motion to dismiss, insofar as Lancaster Host claims that Greenwald failed to state a claim for (1) the breach of the implied duty of good faith and fair dealing

(2) equitable estoppel, and (3) implied indemnification, is **GRANTED**. Greenwald's claims for (1) the breach of the implied duty of good faith and fair dealing, (2) equitable estoppel, and (3) implied indemnification are **DISMISSED WITH PREJUDICE**; and

  g. In all other respects, the motion to dismiss is **DENIED**;

2. Greenwald shall have until **May 6, 2022**, to file an amended complaint; and

3. If Greenwald chooses not to file an amended complaint, Lancaster Host shall have until **May 20, 2022** to file an answer to the complaint.

            BY THE COURT:


            /s/ *Edward G. Smith*
            EDWARD G. SMITH, J.